# UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
### NEWPORT NEWS DIVISION

| | |
|---|---|
| *In re:* )<br>)<br>Jonathan A. Loy, )<br>)<br>*Debtor.* )<br>) | Case No. 09-51379-FJS<br><br>Chapter 7 |
| Jeremiah A. O'Sullivan )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>Jonathan A. Loy, *et al.*, )<br>)<br>*Defendants.* )<br>) | APN 09-05034-FJS |

## MEMORANDUM OPINION

Before the Court is Jeremiah Anthony O'Sullivan's ("O'Sullivan" or the "English Trustee") Motion for Summary Judgment as to Counts VI and VII of the Amended Complaint filed in the instant Adversary Proceeding. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the general order of reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2). For the reasons stated below, the Motion for Summary Judgment is DENIED.

### I. PROCEDURAL BACKGROUND

This Adversary Proceeding commenced with O'Sullivan filing a Complaint (the "Original Complaint") on August 26, 2009. (APN 09-05034-FJS, Doc. No. 1.) The Original Complaint named Jonathan Loy ("Loy" or the "Debtor"), Susan Jane Loy ("Mrs. Loy"), Joseph

L.R. Pinard ("Pinard") and Leo J. Perk ("Perk") as defendants. (APN 09-05034-FJS, Doc. No. 1.) In relevant part, the Original Complaint alleged that the defendants engaged in two (2) avoidable transactions within two (2) years of the entry of the Order for Relief in the Debtor's Chapter 7 bankruptcy case, filed on August 26, 2009.

The first alleged avoidable transfer occurred on October 24, 2007 (the "October 24 Deed"). (APN 09-05034-FJS, Doc. No. 1, at 4.) On that date, Loy transferred real property in Hampton, Virginia known as the "Creekview Property" from himself as sole owner to Jonathan Loy and Mrs. Loy as tenants by the entirety with the right of survivorship as at common law. O'Sullivan argues that the transfer is avoidable for a number of reasons, some of which are relevant to the Summary Judgment Motion and which will be addressed below.

The second alleged avoidable transfer occurred on October 29, 2007 (the "October 29 Deed of Trust"). (APN 09-05034-FJS, Doc. No. 1, at 4.) On that day, the Debtor and Mrs. Loy transferred and recorded a Deed of Trust on the Creekview Property for the benefit of Pinard. Perk was Trustee on the Deed of Trust perfecting the transfer. These allegations, where relevant, will be addressed below.

After service of the Original Complaint, each of the defendants responded, with a general denial or a dismissal motion. (APN 09-05034-FJS, Doc. Nos. 4, 5, and 9.) The litigation was placed on hold first because the parties were anticipating a ruling in the Debtor's English Bankruptcy Case from the High Court in Bristol, England, and then because the Debtor filed a Complaint in the United States District Court, alleging among other things, a violation of his constitutional rights.

After the United States District Court resolved the constitutional challenge, the matter was reinstated on the docket. On May 16, 2011, O'Sullivan filed a Motion to Amend the

2

Original Complaint (the "Motion to Amend"). (APN 09-05034-FJS, Doc. No. 22.) After a hearing, the Motion to Amend was granted. (APN 09-05034-FJS, Doc. No. 27.) O'Sullivan then filed a First Amended Complaint (the "Amended Complaint") on July 8, 2011. (APN 09-05034-FJS, Doc. No. 30.)

The Amended Complaint references the proceedings before the English High Court, names the Chapter 7 Trustee as a defendant, and adds Counts VI and VII, which are the subject of the instant proceeding. Count VI requests a declaratory judgment pursuant to 28 U.S.C. §2201, stating that the October 24 Deed and October 29 Deed of Trust transfers are void *ab initio*. (APN 09-05034-FJS, Doc. No. 30, at 13.) The Amended Complaint relies on the Orders entered by the English High Court, and argues that because the Debtor did not have authority from the English Trustee to execute and deliver either the October 24 Deed or the October 29 Deed of Trust, those documents, therefore, have no legal effect and are void.

Count VII seeks authority to sell the Creekview Property pursuant to 11 U.S.C. § 363. (APN 09-05034-FJS, Doc. No. 30, at 13-16.) Notably, a prospective buyer of the Creekview Property is not disclosed, as the request is for authority to sell to a theoretical buyer for an undisclosed price and on undisclosed terms.

The defendants uniformly oppose O'Sullivan's Motion, although for different reasons. The Chapter 7 Trustee correctly notes material factual issues precluding summary judgment, while the other defendants argue additional and ancillary points.

### The Orders of the English High Court

On August 24 and 25, 2010, a trial was convened in the High Court of Justice, Chancery Division, Bristol District Registry in the case of Jonathan Loy, In Bankruptcy, regarding the Insolvency Act of 1986. His Honor Judge Patrick McCahill QC, sitting as Judge of the High

Court issued two (2) orders following that trial. It is the second order which is germane in the instant proceedings.

In relevant part, Judge McCahill's Minute of Order provides:

### IT IS ORDERED THAT

1. All the property owned by Mr. Jonathan Loy at the date of the making of the bankruptcy order, including the property at 200 Creekview Lane, Hampton, Virginia, United States of America, vested in Jeremiah O'Sullivan as Trustee in Bankruptcy of the bankruptcy estate of Jonathan Loy on the date of his appointment;

2. That following the vesting of property in Jeremiah O'Sullivan as Trustee, only the Trustee is able to effect any valid disposition;

3. For the avoidance of doubt, nothing in paragraph 2 of this Order shall limit or preclude Mrs. Loy from arguing that she held an interest in 200 Creekview Lane on 17 August 2006.

These three relatively straight forward paragraphs form the crux of the instant dispute.

## II. FINDINGS OF FACT

It is undisputed that the Debtor executed, delivered and caused the October 24 Deed to be recorded. It is also undisputed that *record title* to the Creekview Property was in the Debtor's sole name from acquisition to that date. It is also undisputed that the Debtor and Mrs. Loy executed, delivered, and caused to be recorded the October 29 Deed of Trust. All of this occurred after August 17, 2006, the date on which Loy's assets vested in the English Trustee per the plain unequivocal language in Judge McCahill's Order.

The record shows that Mrs. Loy claims an interest in the Creekview Property. Simply put, her argument in the record is that she and her husband (Loy) owned their marital home in England as joint tenants and that upon sale of the marital home, fifty percent of the net proceeds were allocable to her with the other fifty percent allocable to her husband. She alleges that most

of her husband's fifty percent went to pay his creditors, with the conclusion that most of the remaining proceeds are allocable to her. She then argues that all of the joint proceeds were used to make the significant down payment on the Creekview Property. Her funds, she argues, are directly traceable to the Creekview Property. She argues that these "facts"—which appear to be disputed in their entirety by O'Sullivan—entitle her, at a minimum, to a legally cognizable interest in the Creekview Property. She argues further that O'Sullivan's alleged actual knowledge of her claim of an interest in the Creekview Property, which pre-dates the execution of the October 24 Deed and the October 29 Deed of Trust, is or should be sufficient to defeat O'Sullivan's claims on the merits. Perk, Pinard, and Loy argue along the same lines.

The Chapter 7 Trustee succinctly points to the argument of the parties as established on the record of Loy's Chapter 15 and Chapter 7 proceedings, and concludes that there exists a legitimate factual issue and urges against summary judgment at this juncture.

### III. ANALYSIS

#### A. The Summary Judgment Standard

Judge Stephen C. St. John recently addressed, in detail, the standards governing the Court upon consideration of a Motion for Summary Judgment. *See In re Dunlap*, 2011 WL 4074054, slip op. at 1, 14-15 (Bankr. E.D. Va. Sept. 13, 2011). To quote Judge St. John and others quoted in *Dunlap*:

> Rule 56 of the Federal Rules of Civil Procedure, as incorporated in bankruptcy proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure, governs summary judgment proceedings.[1] The Court of Appeals for the Fourth Circuit has

---

[1] Federal Rule of Civil Procedure 56 was amended effective December 1, 2010. Rule 86 of the Federal Rules of Civil Procedure provides that amendments to the rules become effective on the date specified by the United States Supreme Court. Rule 86 further provides that amendments govern "proceedings after that date in an action then pending unless the Supreme Court specifies otherwise; or the court determines that applying them in a particular action would be infeasible or work an injustice." Fed. R. Civ. P. 86(a)(2). The Advisory Committee Notes for the December 1, 2010 amendments to Rule 56 state:

5

articulated the standards by which this Court must measure a motion for summary judgment:

> Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Where a case is "decided on summary judgment, there have not yet been factual findings by a judge or jury, and [the appellant's] version of events ... differs substantially from [the appellee's,] ... courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the ... motion." *Scott v. Harris*, 550 U.S. 372 (2007) (internal quotation marks and alterations omitted).
>
> However, "[a]t the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Id.* at 1776 (quoting Fed. R. Civ. P. 56(c)). Moreover, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact .... Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

*Cloaninger ex rel. Estate of Cloaninger v. McDevitt*, 555 F.3d 324, 332 (4th Cir. 2009). While the Court is permitted to draw reasonable inferences from the underlying facts, "those inferences must ... fall within the range of reasonable probability and not be so tenuous as to amount to speculation or conjecture." *Thompson Everett, Inc. v. Nat'l Cable Adver., L.P.*, 57 F.3d 1317, 1323 (4th Cir. 1995) (citing *Sylvia Dev. Corp. v. Calvert Cnty.*, 48 F.3d 810, 817 (4th Cir. 1995)).

Judge Pearson has summarized the parties' burdens in a summary judgment context:

> The moving party has the initial burden of proving that no genuine issue of fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to demonstrate that a triable issue of fact exists which precludes summary judgment against the non-movant. *Holland v. Double G. Coal Co.*, 898 F. Supp. 351 (S.D. W. Va. 1995).

---

Rule 56 is revised to improve the procedures for presenting and deciding summary judgment motions and to make the procedures more consistent with those already used in many courts. The standard for granting summary judgment remains unchanged. The language of subdivision (a) continues to require that there be no genuine dispute as to any material fact and that the movant be entitled to judgment as a matter of law. The amendments will not affect continuing development of the decisional law construing and applying these phrases.

Fed. R. Civ. P. 56 advisory committee's note. In light of the advisory committee's note and this Court's analysis of the amendments to Rule 56, this Court sees no reason of why the application of the December 1, 2010 amendments to the instant proceeding would be infeasible or work an injustice on either party.

*Equicredit Corp. v. Simms (In re Simms)*, 300 B.R. 877, 879 (Bankr. S.D. W. Va. 2003). The nonmoving party must then "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the nonmoving party fails to do so, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* (quoting Fed. R. Civ. P. 56(c)). Thus, the nonmoving party must satisfy its burden as to each essential element of its case. *Bennett v. Smith (In re Smith)*, Adv. No. 05-2079, 2006 WL 3333801, at *7 (Bankr. M.D. N.C. Nov. 16, 2006) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"The nonmoving party cannot 'create a genuine issue of material fact through mere speculation or the building of one inference upon another.'" *Id.* (quoting *Harleysville Mut. Ins. Corp. v. Packer*, 60 F.3d 1116, 1120 (4th Cir. 1995)). Instead, to defeat a motion for summary judgment, the nonmoving party must go beyond the pleadings with affidavits, depositions, interrogatories, or other evidence to show that there is a genuine dispute of a material fact that must be decided at trial. *Celotex*, 477 U.S. at 324. Specifically, Rule 56(c) provides that the opposing party must support the assertion that a genuine dispute of material fact exists in one of two ways: by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," Fed. R. Civ. P. 56(c)(1)(A) (2011); or by "showing that the materials cited [by the moving party] do not establish the absence . . . of a genuine dispute," Fed. R. Civ. P. 56(c)(1)(B). Judge Anderson has defined the threshold for materiality of facts to invoke a genuine dispute:

> Those facts which are "material" for purposes of summary judgment are identified by the substantive law of the claim asserted. In other words, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*

*Hampton v. Conso Prods., Inc.*, 808 F. Supp. 1227, 1232 (D.S.C. 1992).

In considering a motion for summary judgment, "it remains the well established rule that 'the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Moore v. Morton*, No. 91-2603, 1992 WL 46292, at *4 (4th Cir. Apr. 2, 1992) (unpublished table decision) (quoting *Anderson*, 477 U.S. at 249). "[T]he issue of material fact required by Rule 56(c) to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.* (quotations

omitted) (citing *Anderson*, 477 U.S. at 248-49). If the entirety of the record of a case could not lead a rational trier of fact to find for the nonmoving party, the Court may find there is no genuine dispute for trial. *In re Smith*, 2006 WL 3333801, at *7 (quoting *In re Trauger*, 101 B.R. 378, 380 (Bankr. S.D. Fla. 1989) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986))).

*Id.* at 14-15.

### B. Application of the Standard to O'Sullivan's Motion for Summary Judgment.

### 1. Count VI of the Amended Complaint.

At this stage of the proceedings, the Court concludes that the moving party has failed to carry the initial burden that no genuine issue of fact exists. The plain language of Judge McCahill's order preserves for Mrs. Loy the right to assert "an interest in 200 Creekview Lane on August 17, 2006." She has done so, repeatedly, on the record and continues to assert that position. To paraphrase Judge Pearson, Mrs. Loy has demonstrated that a triable issue of fact exists which precludes summary judgment against the non-movant. The same obtains for Loy, Perk and Pinard, each of whom argues similar to Mrs. Loy. In order for the Court to give full affect to Judge McCahill's Order, it will be necessary to determine whether Mrs. Loy has an interest in the Creekview Property, and if so, the nature of that interest. O'Sullivan's Motion for Summary Judgment as to Count VI is denied.

### 2. Count VII of the Amended Complaint.

In order to grant the relief requested in Count VII of the Amended Complaint, O'Sullivan must satisfy the test articulated in 11 U.S.C. §363(h) which provides:

> (h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—

8

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

By its plain language, Section 363(h)(3) requires the Court to balance the benefit to the estate from the proposed sale against the detriment (if any) to the co-owners. On the state of this record, it is not possible for the Court to accomplish the required balancing because it is unclear whether Mrs. Loy has an interest in the property, or the nature or extent of that interest. She asserts a significant interest in the property, which the Court concludes is a triable issue of fact and law. The determination of that issue will be dispositive. At this juncture, however, the Court does not have a record that is sufficiently well-developed to allow for an informed decision.

In applying the balancing test mandated by Section 363(h)(3), Judge Robert E. Grossman of the United States Bankruptcy Court for the Eastern District of New York, relying on *In re Persky*, 893 F.2d 15 (2nd Cir. 1989), stated as follows:

> The first part of the analysis under Section 363(h)(3) requires the Plaintiff to establish that a sale of the Real Property would benefit the estate. *Sapir v. Sartorius*, 230 B.R. 650, 656 (S.D. N.Y. 1999) (citing *In re Grabowski*, 137 B.R. 1, 3 (S.D. N.Y. 1992)). The Plaintiff's initial burden can be met by showing that "the estate's share of the net proceeds would exceed existing liens on the Debtor's interest in the property." *See In re Coletta Bros.*, 172 B.R. at 165. Then the burden shifts to the Defendant to show that there is a detriment to her. The Second Circuit held in *In re Persky*, that when determining detriment to the co-owner of property held as tenants by the entirety, courts should consider both

9

economic and non-economic factors. *In re Persky,* 893 F.2d 15, 21 (2d Cir. 1989).

The second part of the § 363(h)(3) analysis is that the benefit to the estate must "outweigh" the detriment to the Defendant. *See In re Stoll,* 330 B.R. 470, 480 (Bankr. S.D. N.Y. 2005) (where debtor was a one-third owner of assets in a Trust as a co-tenant in common with his siblings, motion for summary judgment was denied because elderly parents lived in the property and detriment to co-beneficiaries in displacing their elderly parents may outweigh the benefit to the estate).

There is no requirement that the benefit exceed the detriment significantly:

Congress could have mandated that the benefit to the estate must exceed the detriment to co-owners by a significant amount but chose instead to require only that the benefit to the estate must "outweigh" the detriment in order to tip the scales in favor of a sale. Under the language of the Code a sale that results in a considerable or substantial detriment to co-owners is permissible so long as the benefit to the estate outweighs that detriment. *Calument Farm, Inc.,* 150 B.R. 664, 675 (Bankr. E.D. Ky. 1992)

Ultimately, the Court's decision to allow a §363(h) sale is an equitable judgment that is discretionary and fact driven. *See In re Sturman,* 222 B.R. 694, 709 (Bankr. S.D. N.Y. 1998) (citing *In re Probasco,* 839 F.2d 1352 (9th Cir. 1988)).

*In re DeVanzo,* No. 8-08-75665-reg, 2010 WL 1780038, at *4-5 (Bankr. E.D. N.Y. May 3, 2010).

The Court agrees with Judge Grossman's analysis. The burden is on O'Sullivan to establish that there is a benefit to the estate. He argues that proceeds from the possible sale will accrue to the benefit of the estate, but does not provide factual support for this argument. In addition, Mrs. Loy has established that there is a legitimate factual dispute as to her share of the proceeds from any such sale, leading to a factual dispute as to whether the detriment to her of a sale exceeds the benefits to the estate. O'Sullivan has not demonstrated at this stage of the

10

proceedings that the benefit to the estate of a sale outweighs the benefit to Mrs. Loy. Therefore, the Motion for Summary Judgment as to Count VII of the Amended Complaint must be denied.[2]

### IV. CONCLUSION

The Court finds that the Motion for Summary Judgment as to Counts VI and VII of the Amended Complaint should be denied. A separate Order will issue which will also include the discovery deadlines and status conference schedule set out at the October 7, 2011 hearing.

Upon entry of this Memorandum Opinion, the Clerk shall forward a copy to Jonathan A. Loy via e-mail at jonloy@email.com; and via first class mail, postage prepaid, to Jonathan A. Loy and Susan J. Loy, Moulin Begasse, 56320 Meslan, France; Douglas M. Foley, Esq., McGuireWoods LLP, World Trade Center, Suite 9000, 101 West Main St., Norfolk, VA 23510-1655; Kenneth N. Whitehurst, III, Esq., Office of the U.S. Trustee, 200 Granby St., Room 625, Norfolk, VA 23510; Tom C. Smith, Jr., Esq., Chapter 7 Trustee, P.O. Box 1506, Virginia Beach, VA, 23451; Julian A. Bryant, Jr., Esq., Evans & Bryant, PLC, 101 Parks Avenue, Suite 301, Virginia Beach, VA 23451; Leo J. Perk, Esq., Law Offices of Leo J. Perk, P.C., 352 McLaws Circle, Suite 1, Williamsburg, VA 23185; Joseph L. R. Pinard, 107 Binnacle Lane, Newport News, VA 23602; Christopher L. Perkins, Esq., LeClair Ryan, Riverfront Plaza, East Tower, 951 East Byrd Street, P.O. Box 2499, Richmond, VA 23218-2499; and to Shaunté M. Hurley, Esq., Taylor & Walker, P.C., 555 E. Main Street, Suite 1300, Norfolk, VA 23510.

DATED:

10-27-2011

FRANK J. SANTORO
United States Bankruptcy Judge

---

[2] While both *Persky* and *DeVango* are cases that involved real estate where the non-debtor co-owner lived—a fact not present here—each stands for the proposition, correct in the view of the Court, that the balance of factors is more than simple arithmetic on a piece of paper. The precise balance in this case remains to be determined.

NOTICE OF JUDGMENT OR ORDER
Entered on docket
10/27/11